## SCHEDULE A—Continued

### Southern District of New York

| | |
|---|---|
| Toby Casadona v. Eastern Airlines | Civil Action No. 7[illegible] Civ. 514 |
| Richard D. Childs v. Eastern Airlines | Civil Action No. 7[illegible] Civ. 538 |
| Pasquale Lofano v. Eastern Airlines | Civil Action No. 7[illegible] Civ. 468 |
| Miquel Armando Jun[illegible]o v. Eastern Airlines and Lockheed Corp. | Civil Action No. 7[illegible] Civ. 196 |
| John Lofano, etc. v. Eastern Airlines | Civil Action No. 7[illegible] Civ. 467 |
| Walter L. Pollak v. Eastern Airlines | Civil Action No. 7[illegible] Civ. 539 |
| Dorothy Gordon, etc. [illegible] Eastern Airlines | Civil Action No. 7[illegible] Civ. 1694 |
| Mary Cillis, etc. v. Eastern Airlines | Civil Action No. 7[illegible] Civ. 1695 |
| Evelyn Regalia v. Eastern Airlines | Civil Action No. 7[illegible] Civ. 1914 |

### Eastern District of New York

| | |
|---|---|
| Joseph [illegible] v. [illegible] Airlines | Civil Action No. 7[illegible] C [illegible] |
| Jesse Walker v. Eastern Airlines | Civil Action No. 7[illegible] C 52 |
| Max Nachmias, etc. v. Eastern Airlines | Civil Action No. 7[illegible] C 590 |

**In re PUBLIC AIR TRAVEL TARIFF LITIGATION.**

**No. 121.**

Judicial Panel on Multidistrict Litigation.

July 3, 1973.

The Judicial Panel on Multidistrict Litigation transferred multidistrict actions, in each of which it was alleged that defendant airlines had violated federal tariff regulations by overcharging for fares to domestic passengers who flew between two points in the United States for which no single joint fare had been established to Central District of California, for consolidated pretrial proceedings, where there was a real danger of conflicting class determinations unless actions were so consolidated, where four of the five actions were already under supervision of a single judge, and where the two actions pending in the Central District of California were more advanced than others in areas of discovery and pretrial.

Order accordingly.

**Courts ⟹277.2**

Multidistrict actions, in each of which it was alleged that defendant airlines had violated federal tariff regulations by overcharging for fares to domestic passengers who flew between two points in the United States for which no single joint fare had been established,

were transferred for consolidated pretrial proceedings to the Central District of California, where there was a real danger of conflicting class determinations unless actions were so consolidated, where four of the five actions were already under supervision of a single judge, and where the two actions pending in the Central District of California were more advanced than others in areas of discovery and pretrial. 28 U.S.C.A. § 1407; Fed.Rules Civ.Proc. rule 23, 28 U.S.C.A.

---

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM *, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III *, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

This litigation consists of five actions in four different districts.[1] In each action it is alleged that the defendant airlines have violated federal tariff regulations by overcharging for fares to domestic passengers who fly between two points in the United States for which no single joint fare has been published by the airlines. Plaintiffs in each action purport to represent a class of all passengers who have been subject to such alleged overcharges. Plaintiffs in the actions pending in the Central District of California move the Panel for an order transferring all actions to a single district for coordinated or consolidated pretrial proceedings. We find that for the convenience of the parties and witnesses and the just and efficient conduct of the litigation these purported class actions must be consolidated pursuant to 28 U.S.C. § 1407 in the Central District of California for pretrial proceedings.

Each of the actions involves the appropriate method of computing air fares in situations where travel between two points within the United States requires transportation on two or more airlines and no joint fares have been published by the participating airlines. In many cases where it is necessary to take connecting flights of two or more airlines to reach a destination, the airlines involved have published joint fares which establish a single charge between origin and destination along a particular routing. If there is no joint fare published for interline travel, however, a fare must be constructed pursuant to rules set forth in the tariffs filed by the airlines with the Civil Aeronautics Board (CAB). It is Tariff Rule 85 that is in issue in each of these actions.

In support of their motion the movants rely almost exclusively on the fact that overlapping and conflicting class allegations are asserted. They also argue that, in addition to the class action question, there are other preliminary legal questions common to each action which should be decided by a single judge; for example, whether the CAB has exclusive jurisdiction over this matter, whether Rule 40(b) of the CAB's rules is a condition precedent to these suits, the appropriate period of limitations applicable to these actions and the availability of punitive damages.

Defendants oppose the motion before the Panel on the ground that these actions present insufficient common questions of fact to warrant transfer under Section 1407. They argue that the q

* Although Judges Wisdom and Lord were unable to attend the Panel hearing, they have, with the consent of all parties, participated in this decision.

1. At the time of the Panel hearing to consider the motion to transfer the actions in this litigation to a single district pursuant to 28 U.S.C. § 1407, an additional action was pending in the Southern District of Florida, Donald L. Pevsner v. Eastern Airlines, Inc., Civil Action No. 72-601-CIV-NCR. Prior to the date of the Panel's decision, however, the Florida district court entered an order dismissing that action.

Case MDL No. 121 Document 2 Filed 04/30/15 Page 3 of 4

whether the airlines violated Rule 85 in constructing the fares ...al one and will not involve dis... of common facts since each claim ... on the purchase of separate air... ...kets, involving different routings ...n different cities. Defendants ...gue that each claim must be exam... ...parately to determine if certain ... which may render Tariff Rule 85 ...able are present. In essence, ...assert that the question of liability ...ll as the question of damages in ... cases will require individual proof ... each plaintiff and prospective class ...ber.

...e have consistently held that the pos...ility for conflicting class determina... under Rule 23 of the Federal Rules ... important factor favoring transfer. ..., e. g., In re Texas Gulf Sulphur Se...ities Litigation, 344 F.Supp. 1398, ... (J.P.M.L.1972); In re Career ...demy Antitrust Litigation, 342 F. ...pp. 753, 754 (J.P.M.L.1972). And it is ...ar to us from a reading of the com...ints filed in each of these actions ...t there is a real danger of conflicting ...ss determinations unless these actions ... consolidated under Section 1407 for ...rdinated or consolidated pretrial pro...edings. In addition, it may be neces...ry for a discovery schedule to be estab...hed in order to provide a basis for the ...termination of the class action issue. ..., Manual for Complex Litigation, Part ... § 1.40 (1973 rev. ed.). Since each ...tion contains similar Rule 23 class alle...tions, such discovery would be common ... each action and could best be pursued ... coordinated under the supervision of a ...ingle judge. Furthermore, there are ...me tariff practices common to each of ...hese actions which will, it appears, in...olve discovery applicable to each plain...iff's claim and transfer of these actions ... a single district will insure that dupli...ation of that discovery is avoided.

There is an additional reason favoring ...onsolidation of this particular litigation ...nder Section 1407. Pursuant to 28 U.S. C. § 292(b), the Chief Judge of the Ninth Circuit has designated Judge Ray McNichols of the District of Idaho to sit in the Northern, Eastern and Central Districts of California and has assigned to him, for all purposes, the actions in those districts that are a part of this litigation. Thus, four of the five actions in this litigation are already under the supervision of a single judge. And Judge McNichols will unquestionably be faced with problems relating to discovery, class action determinations and other pretrial motions already raised or likely to be raised in the action pending in the Western District of Pennsylvania. Transfer of the Pennsylvania action to Judge McNichols for coordinated or consolidated pretrial proceedings, therefore, will enhance the efficient utilization of judicial time and resources and will promote the just and expeditious conduct of the litigation.

Although movants urge that the Northern District of California be selected as the transferee district, we find that the Central District of California is the most appropriate forum for this litigation. There are two actions pending in that district and they are more advanced than the others in the areas of discovery and pretrial. In addition, the majority of the defendant airlines named in the other four actions are already parties to the actions pending in the Central District and they favor that district as the transferee forum. Furthermore, the statistics of the Administrative Office of the United States Courts indicate that the civil docket calendar for the Central District of California is significantly more current than that for the Northern District. In 1972 Annual Report of the Director, Administrative Office of the United States Courts, Table C–10 at A–39.

It is therefore ordered that all actions on the attached Schedule A be, and the same hereby are, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Ray McNichols, sitting by designation, for coordinated or consoli-

dated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions pending in that district and listed on Schedule A.

SCHEDULE A

Eastern District of California

| | |
|---|---|
| H. L. Proaps v. Hughes Air Corp., et al. | Civil Action No. S2428 |

Western District of Pennsylvania

| | |
|---|---|
| Donald A. Klein v. American Airlines, Inc., et al. | Civil Action No. 72-698 |

Central District of California

| | |
|---|---|
| Ronald J. Kinsling, et al. v. Delta Air Lines, Inc., et al. | Civil Action No. 72-1045-EC |
| Ronald J. Kinsling, et al. v. Trans World Airlines, et al. | Civil Action No. 72-1217-EC |

Northern District of California

| | |
|---|---|
| Greggar Sletteland v. United Airlines | Civil Action No. C-72-2120-SW |

In re PENSION FUND CLASS ACTION LITIGATION.

No. 131.

Judicial Panel on Multidistrict Litigation.

June 13, 1973.

The Judicial Panel on Multidistrict Litigation did not transfer multidistrict class actions, attacking constitutionality of statutes establishing and providing for administration of pension funds for policemen and firemen in cities of Houston, Dallas, San Antonio, El Paso and New Orleans, for coordinated or consolidated pretrial proceedings, where such actions predominantly involved questions of law, and where transfer would neither serve convenience of parties and witnesses nor promote just and efficient conduct of the litigation.

Motion to transfer denied.

See also, D.C., 341 F.Supp. 1117 and D.C., 341 F.Supp. 1124.

Courts ⚷277.3

Multidistrict class actions, attacking constitutionality of statutes establishing and providing for administration of pension funds for policemen and firemen in cities of Houston, Dallas, San Antonio, El Paso and New Orleans, would not be transferred to a single district for coordinated or consolidated pretrial proceedings, where such actions predominantly involved questions of law, and where transfer would neither serve convenience of parties and witnesses nor promote just and efficient conduct of the litigation. 28 U.S.C.A. §§ 1407, 1407(...)

Before ALFRED P. MURRAH, ... man, and JOHN MINOR WISDOM, ... WARD WEINFELD, EDWARD ... SON, WILLIAM H. BECKER, ... S. LORD, III, and STANLEY ... GEL, Judges of the Panel.

OPINION AND O...

PER CURIAM.

Class actions on behalf ... firemen in the cities ... San Antonio and El ... New Orleans, Louisian... in federal courts in Tex... The five actions att... tionality of statutes ... providing for the admin... sion funds for policemen ... those cities. Plaintiffs in ... move the Panel, pursu... § 1407, for an order t... actions to a single dist... dinated or consolidated p... dings.

The statutes in issue requi... from the salary of each ... fireman employed by the ... tributed to a pension fu... contend that those co... not refunded to the empl... minates his employment ei... qualifying for pension bene... of a prescribed number o... or for any reason othe...

So...

J. W. Walker, et al. v. Ci...

No...

Billy Jack Gaines, et al ... et al.

We...

Raymond Marquiz, et al. ... tonio, et al.

William N. Gould, et al. ... et al.

Easte...

William J. Warner, Jr., ... Trustees of the Police Pe... ..., et al.